UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ABRAHAM QUAYSON,

                                             Plaintiff,      **SECOND AMENDED**
                                                             **COMPLAINT**

             -against-

THE CITY OF NEW YORK; SGT. MICHAEL      14-CV-4343-WFK-JO
LENNIHAN; P.O. JUAN CARLOS CRUZ, Shield # 3857;
DET. JAMES E. EISERT, Shield # 3591; P.O. KEVIN C.      <u>Jury Trial Demanded</u>
MURTHA, Shield # 27856; DET. ANTHONY AMORESE,
Shield # 1676; DET. MATTHEW MCCLUSKY, Shield #
7514; P.O. SHAWN NORDENSCHILD; and P.O. JOHN
DOES # 1-5, the individual defendants sued individually
and in their official capacities,

                                               Defendants.

------------------------------------------------------------------------x

**PRELIMINARY STATEMENT**

      1.      This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The claims arise from an incident, which occurred on or about March 2, 2014. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, unreasonable force, unlawful search and seizure, failure to intervene, malicious prosecution, denial of a fair trial, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.  This action is brought pursuant to 42 U.S.C. §§ 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.  Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County.

4.  In addition, City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.  Plaintiff ABRAHAM QUAYSON is a resident of the State of New York, Kings County.

6.  Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.  Defendants SGT. MICHAEL LENNIHAN; P.O. JUAN CARLOS CRUZ, assigned Shield # 3857; DET. JAMES E. EISERT, assigned Shield # 3591; P.O. KEVIN C. MURTHA, assigned Shield # 27856; DET. ANTHONY AMORESE, assigned Shield # 1676; DET. MATTHEW MCCLUSKY, assigned Shield # 7514; P.O. SHAWN NORDENSCHILD; and JOHN DOES # 1-5 are New York City Police Officers, employed with the Brooklyn North Gang Squad, 594 Command, 296 Command, the 73rd Precinct, and/or 75th Precinct, located in Brooklyn, New York who violated plaintiff's rights as described herein.

8.  The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

9. On or about March 2, 2014, at approximately 04:40 p.m., at and in the vicinity of 257 Hegeman Avenue, Brooklyn, New York, police officers from 594 Command, 296 Command and/or the 73rd Precinct, including defendant P.O. Cruz, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

10. On about March 2, 2014, plaintiff was working at Super Star Auto Sales which is located at 257 Hegeman Avenue, Brooklyn, New York. Plaintiff was in the backyard of Super Star Auto Sales in the vicinity of 257 Hegeman Avenue, Brooklyn, New York, when police officers, including defendants Sgt. Lennihan, P.O. Cruz, Det. Eisert, P.O. Murtha, Det. Amorese, Det. Mcclusky, P.O. Nordenschild, and John Does # 1-5 approached plaintiff without reasonable suspicion or probable cause that plaintiff had committed a crime, unlawfully arrested plaintiff.

11. During the arrest of plaintiff, police officers, including defendants Sgt. Lennihan, P.O. Cruz, Det. Eisert, P.O. Murtha, Det. Amorese, Det. Mcclusky, P.O. Nordenschild, and John Does # 1-5, maliciously, gratuitously, and unnecessarily grabbed plaintiff, dragged plaintiff to the ground, and placed excessively tight handcuffs on plaintiff's wrists. Plaintiff was injured as a result of these acts. Those individual who did not touch plaintiff witnesses these acts, but failed to intervene and protect plaintiff from this conduct.

12. Thereafter, police officers transported plaintiff to the 73rd Precinct.

13. When plaintiff asked the police for some water and food his requests were ignored.

14. Thereafter, plaintiff was removed to Brooklyn Central Booking, where he were subjected to depraved, filthy, and inhumane conditions of confinement before being arraigned.

15. While plaintiff was incarcerated at the 73rd Precinct and Central Booking awaiting arraignment, the defendants pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed a crime, and based on the officer's false allegations, the District Attorney's Office decided to prosecute plaintiff in Kings County Criminal Court under docket number 2014KN01470.

16. After being incarcerated overnight, plaintiff was arraigned and released on his own recognizance.

17. The case was dismissed by the Kings County District Attorney's Office on July 16, 2014.

18. The aforesaid events were not an isolated incident. Defendant City of New York had been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, search arrestees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location. Defendant City of New York was further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City of New York failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

19. Moreover, defendant City of New York was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to

be employed as officers. Despite such notice, defendant City of New York had retained these officers, and failed to adequately train and supervise them.

20. The individual defendants acted in concert committing the above described illegal acts toward plaintiff.

21. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

22. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

23. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

24. As a result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

25. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE)

26. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

27. Defendants unlawfully stopped and searched plaintiff without cause or consent.

28. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST)

29. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

30. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

31. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## THIRD CLAIM

### (UNREASONABLE FORCE)

32. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

33. The individual defendants' use of force upon plaintiff was objectively unreasonable.

34. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff.

35. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

36. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM
## (FAILURE TO INTERVENE)

37. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

38. The individual defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

39. Accordingly, the individual defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM
## (MALICIOUS PROSECUTION)

40. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

41. The individual defendants are liable to plaintiff for malicious prosecution because prior to any grand jury action, with intent, knowledge, and malice, the defendants initiated a malicious prosecution against plaintiff by drafting and signing a sworn criminal court

complaint and police reports that provided false information to the court, alleging plaintiff had committed various crimes.

42. The individual defendants lacked probable cause to believe the above-stated malicious prosecution could succeed.

43. The individual defendants initiated the above-stated malicious prosecution to cover up their illegal and unconstitutional conduct.

44. The above-stated malicious prosecution caused a sufficient post-arraignment liberty restraint on plaintiff.

## SIXTH CLAIM

## (DENIAL OF A FAIR TRIAL)

45. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

46. The defendants are liable to plaintiff because they intentionally conspired to fabricate evidence against plaintiff, depriving plaintiff of liberty without due process of law.

47. Furthermore, the defendants violated the law by making false statements by drafting and/or signing a sworn criminal court complaint and false police reports.

48. Furthermore, the individual defendants violated the law by manipulating evidence to obtain a prosecution and unjust conviction, while performing the function of investigators.

49. The individual defendants were on notice that creating fabricated evidence is a clear violation of law because it is well established that individuals who knowingly use false evidence at trial to obtain a conviction act unconstitutionally and is redressable in an action for damages under 42 U.S.C. § 1983.

50. The individual defendants are also liable to plaintiff because they intentionally created false information likely to influence a fact finder's or jury's decision by, *inter alia*, forwarding false information to prosecutors, drafting and signing a sworn criminal court complaint and police reports, omitting and/or manipulating evidence, fabricating testimony and evidence, suppressing and concealing exculpatory material and evidence, and forwarding and presenting false information to a court thereby violating plaintiff's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

### SEVENTH CLAIM
### (MONELL CLAIM)

51. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

52. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

53. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiffs: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully stopping, searching and arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; and (5) fabricating evidence against innocent persons.

54. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

55. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

56. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

57. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

59. The existence of the aforesaid unconstitutional customs and polices of profiling minorities, may be inferred by the August 12, 2013 decision in *Floyd, et al. v. City of New York, et al.*, 08-cv-1034-SAS, finding that the NYPD had violated the rights of thousands of citizens with respect to the application of its "Stop and Frisk" policy.

60. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

      a.      Compensatory damages in an amount to be determined by a jury;

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

      d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
                 January 8, 2015

                                    ANDREW S. RENDEIRO, ESQ.
                                    *Attorney for Plaintiff*
                                    Flamhaft Levy Hirsch & Rendeiro LLP
                                    16 Court Street, Suite 3301
                                    Brooklyn, New York 11241
                                    (718) 237-1900
                                    asrendeiro@yahoo.com
                                    By:

                                    __s/_____
                                    ANDREW S. RENDEIRO


                                    MICHAEL O. HUESTON, ESQ.
                                    *Attorney for Plaintiff*
                                    16 Court Street, Suite 3301
                                    Brooklyn, New York 11241
                                    (718) 246-2900
                                    mhueston@nyc.rr.com